| Yes I Can Licensed Behavior Analyst PLLC v Green Tree Capital, LLC. |
|---|
| 2026 NY Slip Op 30999(U) |
| March 16, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 511423/2024 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Part 12 of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, located at 360 Adams
Street, Borough of Brooklyn, City and State of New
York on the 16th day of March 2026.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

------------------------------------------------------------------------x

YES I CAN LICENSED BEHAVIOR ANALYST
PLLC, et al.,

                    Plaintiffs,

                -against-

GREEN TREE CAPITAL, LLC.

                    Defendant.

------------------------------------------------------------------------x

Index No. 511423/2024

MS 8

**Decision and Order**

The following e-filed papers read herein:
MS 8

NYSCEF Doc Nos.
199-204, 206-211

     Defendant's motion to dismiss plaintiffs' Second Amended Complaint is decided as follows:

## Background

     This action arises out of plaintiffs' challenge to a judgment by confession (the "Judgment") obtained by defendant Green Tree Capital LLC ("Green Tree") under a merchant cash agreement, which plaintiffs alleged was procured through misrepresentation, improper fees, and violations of CPLR 3218. A detailed summary of the background of this action is set forth in the Court's Decision and Order dated September 20, 2024, which granted plaintiffs' motion seeking a vacatur or the Judgment and granted defendant's motion to dismiss plaintiffs' first, second, and fourth causes of action. Thereafter, by Decision and Order dated December 11, 2025, the Court granted

1

plaintiffs' motion for leave to amend their pleading, and the Second Amended Complaint (NYSCEF Doc No. 192) was deemed filed and accepted.

Green Tree now moves to dismiss the Second Amended Complaint, arguing that plaintiffs' claims improperly attempt to remedy alleged violations of injunctions issued by a federal court and another trial court against nonparty Jonathan Braun ("Braun"). Defendant asserts that only the courts that issued those injunctions may determine whether the orders were violated and what sanctions, if any, should apply, and therefore this Court lacks subject matter jurisdiction to grant the relief sought. Defendant further argues that plaintiffs lack standing to rely on those injunctions because they were not parties to the proceedings in which the injunctions were issued.

In opposition, plaintiffs argue that the motion rests on a mischaracterization of the action. Plaintiffs contend that they do not seek to enforce or punish violations of the injunctions, but instead seek vacatur of confessions of judgment entered in this Court on the grounds that the judgments were procured through fraud, misrepresentation, misconduct, illegality, and lack of lawful authority. Plaintiffs further assert that Braun was the true actor behind Green Tree and that the transaction underlying the confessions of judgment was unlawful. Plaintiffs assert that this Court has both statutory and inherent authority to vacate its own judgments and that the allegations of the Second Amended Complaint state multiple cognizable bases for relief.

In reply, Green Tree reasserts that plaintiffs' claims improperly attempt to obtain a remedy for alleged violations of the injunctions, that plaintiffs lack standing to pursue such relief, and that any remedy for alleged violations of the injunctions must be sought in the courts that issued those injunctions. Green Tree argues that this action should be dismissed or stayed in light of the related federal action involving substantially similar parties and issues.

2

[* 2]

## Discussion

"In the context of a motion to dismiss pursuant to CPLR 3211, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005] [citation omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*id.*).

Here, Green Tree failed to demonstrate entitlement to dismissal of the Second Amended Complaint at the pleading stage. Accepting the facts alleged in the complaint as true and according plaintiffs the benefit of every favorable inference as the Court must, plaintiffs have sufficiently alleged that the confessions of judgment and resulting judgments were procured through fraud, misrepresentation, misconduct, and lack of lawful authority, including allegations that the underlying transaction was undertaken in violation of existing court orders and that material facts were concealed from this Court when the judgments were entered. If proven, such allegations could warrant vacatur.

Additionally, contrary to defendant's contention, plaintiffs do not seek to enforce the injunctions issued by other courts but instead seek relief from judgments entered in this Court that they allege were procured through unlawful conduct. Defendant's remaining arguments regarding standing and the effect of the underlying injunctions either misconstrue the nature of the claims asserted or raise factual issues that are not appropriately resolved on a motion to dismiss.

3

[* 3]

## Conclusion

Based on the foregoing, defendant's motion is denied. Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R :

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

4

[* 4]